PANISH SHEA & BOYLE LLP
BRIAN J. PANISH, State Bar No. 116060
  *panish@psblaw.com*
PETER KAUFMAN, State Bar No. 269297
  *kaufman@psblaw.com*
WHITNEY T. SMITH, State Bar No. 322565
  *wsmith@psblaw.com*
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

MOVAGAR & YAMIN, PLC
NICK MOVAGAR, State Bar No. 232777
4929 Wilshire Blvd., Suite 960,
Los Angeles, CA 90010
Telephone: (877)771-8175
Facsimile: (323)475-7773

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CASSANDRA JONES, an individual; | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. NEGLIGENCE** |
| MVT SERVICES, LLC, dba MESILLA VALLEY TRANSPORTATION, a business entity; MVT LEASING, LLC, a business entity; RENE DAVID MOOT, an individual; and DOES 1 through 50, inclusive. | **2. NEGLIGENT HIRING / RETENTION /SUPERVISION / TRAINING** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

**COMES NOW** Plaintiff CASSANDRA JONES, an individual ("PLAINTIFF"), for claims for relief against Defendants, MVT SERVICES, LLC, dba MESILLA VALLEY TRANSPORTATION, a business entity; MVT LEASING, LLC, a business entity; RENE DAVID MOOT, an individual; and DOES 1 through 50, inclusive, ("DEFENDANTS").

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

1. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 because diversity jurisdiction existed at the time the action was originally commenced and the amount in controversy exceeds the sum or value of seventy-five thousand dollars, exclusive of costs and interest.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a). A substantial portion of the events and omissions giving rise to this lawsuit occurred in this District, and the Court has personal jurisdiction over each of the parties as alleged through this complaint.

## PARTIES

3. Plaintiff CASSANDRA JONES is, and at all times herein relevant was, a resident of Los Angeles County, State of California.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant MVT SERVICES, LLC dba MESILLA VALLEY TRANSPORTATION (hereafter "MVT SERVICES") is, and at all times herein relevant was, a New Mexico corporation authorized to do, that has regularly done, and is doing, business within the County of Los Angeles, State of California with a principal place of business located at 3590 W. Picacho Ave, Las Cruces, New Mexico 88007.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant MVT LEASING, LLC, (hereafter "MVT LEASING") is, and at all times herein relevant was, a New Mexico corporation authorized to do, that has regularly done, and is doing, business within the County of Los Angeles, State of California with a principal place of business located at 3590 W. Picacho Ave, Las Cruces, New Mexico 88007.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant RENE DAVID MOOT (hereafter "MOOT") is, and at all times herein relevant was, a resident of the State of New Mexico.

7. The true names and capacities, whether individual, plural, corporate,

partnership, associate, or otherwise, of DOES 1 through 50, inclusive, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiff. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiff. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

8.  Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants MVT SERVICES, MVT LEASING, MOOT and DOES 1 through 50, inclusive, and each of them, were agents, servants, employees, successors in interest, and/or joint venturers of their co-Defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring, training, and supervision of each and every other Defendant as an agent, servant, employee, successor in interest, and/or joint venturer.

## GENERAL ALLEGATIONS

9.  Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, Defendants MVT SERVICES, MVT LEASING, MOOT and DOES 1 through 50, inclusive, and each of them, owned, leased, managed, maintained, regulated, directed, operated and controlled the subject 2020 Blue International Tractor bearing Indiana license plate number 3073362 and 2016 White GDAN Box Trailer bearing Maine license plate number 2819781 (hereafter "SUBJECT TRACTOR-TRAILER").

10. Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, Defendant MOOT was employed by, or was the agent of, Defendants

MVT SERVICES, MVT LEASING and DOES 1 through 50, inclusive, and each of them, and was at all times herein relevant acting within the course and scope of his duties for his employer and/or principal Defendants MVT SERVICES, MVT LEASING and DOES 1 through 50, inclusive, and each of them.

11. Plaintiff is informed and believes, and thereon alleges, that Defendants MVT SERVICES, MVT LEASING and DOES 1 through 50, inclusive, and each of them, authorized Defendant MOOT to drive and use the SUBJECT TRACTOR-TRAILER for the purposes in which it was being used at the time of the subject incident.

12. On April 5, 2021 at approximately 12:35 a.m., Plaintiff CASSANDRA JONES was traveling eastbound on Interstate 10 as a passenger in a 2016 Silver Nissan Frontier (hereinafter "SUBJECT VEHICLE") owned and operated by TOMMY JONES. The left front tire of the SUBJECT VEHICLE was slashed by an object on the roadway and the vehicle came to a stop in the number 4 lane. Mr. Jones immediately activated his hazards and called for help. After calling for help, and while his hazards were still activated, Mr. Jones then attempted to move his vehicle out of the traffic lane and onto the shoulder. On the same date and time, Defendant MOOT was traveling eastbound on Interstate 10 and driving the SUBJECT TRACTOR-TRAILER owned, operated, maintained, and controlled by Defendants MVT SERVICES, MVT LEASING and DOES 1 through 50, inclusive. Defendant MOOT was traveling at approximately 55 miles per hour in the number 4 lane when he observed flashing hazard lights east of his location approximately one to two miles away. Defendant MOOT checked his mirrors to change lanes into the number 3 lane. When Defendant MOOT looked back at the road ahead of him, the hazard lights were immediately in front of him and the SUBJECT TRACTOR-TRAILER violently collided into the rear of the SUBJECT VEHICLE, legally and proximately causing severe and permanent injuries to Plaintiff (hereafter "SUBJECT INCIDENT'). As a result of the SUBJECT INCIDENT, Plaintiff CASSANDRA JONES had to be transported from the scene to

Desert Regional Medical Center for emergency medical surgery.

## FIRST CAUSE OF ACTION

### (Negligence By Plaintiff As Against All Defendants and DOES 1 through 50, Inclusive)

13. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

14. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants MVT SERVICES, MVT LEASING, MOOT and DOES 1 through 50, inclusive, and each of them, owned, leased, maintained, inspected, entrusted, delegated, managed, regulated, controlled and operated the SUBJECT TRACTOR-TRAILER.

15. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants MVT SERVICES, MVT LEASING, MOOT and DOES 1 through 50, inclusive, and each of them, owed a duty of care to all reasonably foreseeable people, including Plaintiff, to own, lease, maintain, inspect, entrust, delegate, manage, regulate, control and operate the SUBJECT TRACTOR-TRAILER in a reasonable manner. Plaintiff is further informed and believes, and thereon alleges, that said Defendants also owed a nondelegable duty to third persons, including Plaintiff, for any harm caused by the negligence or other wrongful conduct of independent contractor(s) and/or agent(s).

16. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants MVT SERVICES, MVT LEASING, MOOT and DOES 1 through 50, inclusive, and each of them, carelessly, negligently, and recklessly owned, leased, managed, maintained, entrusted, controlled and operated the SUBJECT TRACTOR-TRAILER so as to legally and proximately cause the same to violently rear-end the disabled SUBJECT VEHICLE, thereby legally causing the injuries and damages to Plaintiff as alleged herein.

17. Plaintiff is informed and believes, and thereon alleges, that the careless,

negligent, reckless and unlawful conduct by Defendants MVT SERVICES, MVT LEASING, MOOT and DOES 1 through 50, inclusive, and each of them, in regards to the ownership, leasing, control, entrustment, delegation, management, maintenance, inspection, regulation, and operation of the SUBJECT TRACTOR-TRAILER was the direct, legal and proximate cause of the SUBJECT INCIDENT and injuries and damages to Plaintiff as alleged herein.

18. As a direct and proximate result of the above-mentioned conduct of the Defendants MVT SERVICES, MVT LEASING, MOOT and DOES 1 through 50, inclusive, and each of them, Plaintiff was caused to suffer severe injuries.

19. As a legal, direct and proximate result of the conduct of Defendants MVT SERVICES, MVT LEASING, MOOT and DOES 1 through 50, inclusive, as aforesaid, Plaintiff has incurred medical expenses, and will continue to incur such expenses in the future, in an amount to be stated according to proof..

20. As a legal, direct and proximate result of the conduct of Defendant MVT SERVICES, MVT LEASING, MOOT and DOES 1 through 50, inclusive, as aforesaid, Plaintiff sustained non-economic damages, including, but not limited to, past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, serious emotional distress, in an amount in excess of the jurisdictional minimum, according to proof.

21. As a legal, direct and proximate result of the conduct of Defendants MVT SERVICES, MVT LEASING, MOOT and DOES 1 through 50, inclusive, as aforesaid, Plaintiff was compelled to, and did, employ the services of hospitals, physicians, nurses, and the like, to care for and treat them, the exact amount of such losses to be stated according to proof, pursuant to Section 425.10 of the California *Code of Civil Procedure*. Plaintiff will require similar future medical expenses as well, the exact amount of such losses to be stated according to proof.

22. As a legal, direct and proximate result of the conduct of Defendants

MVT SERVICES, MVT LEASING, MOOT and DOES 1 through 50, inclusive, as aforesaid, Plaintiff suffered lost earnings and earning capacity, and property damages, the exact amount of such losses to be stated according to proof.

## SECOND CAUSE OF ACTION

### (Negligent Hiring/Retention/Supervision/Training By Plaintiff As Against All Defendants and DOES 1 through 50, Inclusive)

23. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

24. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant MOOT was acting within the course and scope of his duties for his employer(s) and/or principal(s), Defendants MVT SERVICES, MVT LEASING, and DOES 1 through 50, inclusive, and each of them.

25. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants MVT SERVICES, MVT LEASING, and DOES 1 through 50, inclusive, and each of them, were negligent and reckless with regard to the hiring and/or retention of Defendant MOOT in that Defendants Defendants MVT SERVICES, MVT LEASING, and DOES 1 through 50, inclusive,, and each of them, knew or should have known that Defendant MOOT was unfit for the specific tasks to be performed during the course of his employment, namely the general safe operation of the SUBJECT TRACTOR-TRAILER.

26. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants MVT SERVICES, MVT LEASING, and DOES 1 through 50, inclusive, and each of them, were negligent and reckless by failing to provide any or sufficient training or supervision to Defendant MOOT after hiring him, and continued to retain Defendant MOOT as an agent and/or employee for job performance which included driving motor vehicles such as the SUBJECT TRACTOR-TRAILER for Defendants MVT SERVICES, MVT LEASING, and DOES 1 through 50.

27. Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, Defendants MVT SERVICES, MVT LEASING, and DOES 1 through 50, inclusive, and each of them, owed a duty of care to the public, including Plaintiff, including the duty to act reasonably in the hiring, retention, training and supervision of their agents, employees, servants, and/or independent contractors, which they assigned to operate motor vehicles such as the SUBJECT TRACTOR-TRAILER.

28. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants MVT SERVICES, MVT LEASING, and DOES 1 through 50, inclusive, and each of them, failed to act reasonably, and were negligent and reckless in the hiring, retention, training, and supervision of their agents, employees, servants and/or independent contractors, including Defendant MOOT.

29. Plaintiff is informed and believes, and thereon alleges, that the aforementioned negligent and reckless hiring, retention, training, and supervision of Defendant MOOT by Defendants MVT SERVICES, MVT LEASING, and DOES 1 through 50, inclusive, and each of them, directly, legally and proximately caused the SUBJECT TRACTOR-TRAILER to violently rear-end the SUBJECT VEHICLE, thereby legally and proximately causing severe and permanent injuries to Plaintiff.

30. As a direct and proximate result of the above-mentioned conduct of the Defendants MVT SERVICES, MVT LEASING, MOOT and DOES 1 through 50, inclusive, and each of them, Plaintiff was caused to suffer severe injuries.

31. As a legal, direct and proximate result of the conduct of Defendants MVT SERVICES, MVT LEASING, MOOT and DOES 1 through 50, inclusive, as aforesaid, Plaintiff has incurred medical expenses, and will continue to incur such expenses in the future, in an amount to be stated according to proof.

32. As a legal, direct and proximate result of the conduct of Defendants MVT SERVICES, MVT LEASING, MOOT and DOES 1 through 50, inclusive, as aforesaid, Plaintiff sustained non-economic damages, including, but not limited to, past and future physical pain and mental suffering, loss of enjoyment of life,

1  disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation,
2  serious emotional distress, in an amount in excess of the jurisdictional minimum,
3  according to proof.
4      33.    As a legal, direct and proximate result of the conduct of Defendants
5  MVT SERVICES, MVT LEASING, MOOT and DOES 1 through 50, inclusive, as
6  aforesaid, Plaintiff was compelled to, and did, employ the services of hospitals,
7  physicians, nurses, and the like, to care for and treat her, the exact amount of such
8  losses to be stated according to proof. Plaintiff will require similar future medical
9  expenses as well, the exact amount of such losses to be stated according to proof.
10     34.    As a legal, direct and proximate result of the conduct of Defendants
11 MVT SERVICES, MVT LEASING, MOOT and DOES 1 through 50, inclusive, as
12 aforesaid, Plaintiff suffered lost earnings and earning capacity, and property
13 damages, the exact amount of such losses to be stated according to proof.
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CASSANDRA JONES hereby prays for judgment against Defendants MVT SERVICES, MVT LEASING, MOOT and DOES 1 through 50, inclusive, and each of them, as follows:

1. For all general damages, past and future, in excess of the jurisdictional minimum for an unlimited civil case, the exact amount according to proof;

2. For all special damages, past and future, in excess of the jurisdictional minimum for an unlimited civil case, the exact amount according to proof;

3. For all costs of suit, according to proof;

4. For pre- and post-judgment interest;

5. For such other and further relief as this Court may deem just and proper.

DATED: May 3, 2021                    PANISH SHEA & BOYLE LLP

By: _____
Peter Kaufman
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all causes of action.

DATED: May 3, 2021                    PANISH SHEA & BOYLE LLP

By: _____
Peter Kaufman
Attorneys for Plaintiff